MEMORANDUM DECISION
This cause is before the court as the result of the filing of a document entitled "motion for reconsideration." No such motion exits under the rules of appellate procedure.
Treating the "motion for reconsideration" as an application for reconsideration, the application is denied. This court, out of an abundance of consideration for appellant Houston Byrd's lack of understanding of the rules which bind an appellate court, addressed the merits of his appeal despite his failure to set forth any assignments of error.
Mr. Byrd also does not display an understanding of summary judgment proceedings. When summary judgment is granted, no trial occurs. To avoid summary judgment, Mr. Byrd needed to provide information to the trial court in the form specified by the Ohio Rules of Civil Procedure. When he did not provide such information, the trial court was required by Ohio law to grant summary judgment if information provided to the trial court by Mr. Peden indicated that summary judgment was appropriate.
While statutes of limitation do not apply to disciplinary proceedings, statutes of limitation do apply to lawsuits. Mr. Byrd filed a lawsuit. The judge who granted summary judgment granted judgment in a lawsuit, not a disciplinary proceeding.
This appellate court carefully considered the pertinent issues before rendering judgment on September 28, 1999. Mr. Byrd's frustration with the way that courts work is understandable, but does not change the fact that he waited too long before he filed his lawsuit. As a result, his motion for reconsideration, treated as an application for reconsideration, is denied.
Application denied.
BRYANT and BROWN, JJ., concur.